In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00381-CV
_____


IN RE COMMITMENT OF KEITH GARRETT

_____

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 04-11-09646 CV
_____

MEMORANDUM OPINION

In April 2005, the trial court rendered a final judgment and an order civilly committing Garrett for outpatient treatment and supervision pursuant to the sexually violent predator statute. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). The order required Garrett to reside in Harris County, Texas. On July 26, 2012, the trial court modified the judgment and civil commitment order to require that Garrett "reside in a Texas residential facility under contract with the Office of Violent Sex Offender Management (OVSOM) or at another location or facility approved by the OVSOM." Garrett is one of

1

numerous persons affected by similar modification orders signed by the trial court on July 26. Garrett asserts five appellate issues challenging the modification order. We conclude that the order is not appealable and that mandamus relief is not warranted. We dismiss Garrett's appeal.

Because the trial court's July 26 order modified a requirement of Garrett's SVP treatment without finally disposing of the commitment case and because no interlocutory appeal is statutorily authorized, Garrett's notice of appeal fails to invoke our appellate jurisdiction. *See In re Commitment of Cortez*, No. 09-12-00385-CV, ___ S.W.3d ___, 2013 Tex. App. LEXIS 7854, at **5-6 (Tex. App.—Beaumont June 27, 2013, no pet. h.) (not yet released for publication). Nevertheless, Garrett asks that we alternatively consider his brief as a request for mandamus relief. In *Cortez*, we addressed Cortez's issues as a mandamus petition and will do likewise in Garrett's case. *See id.* at **6-8.

In issues one and two, Garrett argues that the trial court prevented his counsel from preserving the record for appeal and complains of the procedures utilized by the trial court. According to Garrett, the State must "serve a complete, accurate, and signed copy of a pleading" upon both the person whose commitment order the State seeks to modify and the person's counsel. Garrett further challenges

2

the trial court's refusal to allow him to consult with his counsel and to allow presentation of evidence.

Like Garrett, Cortez's civil commitment was modified on July 26 and, on appeal, Cortez asserted violations of due process and the right to counsel based on inadequate notice, the trial court's failure to allow Cortez to consult with counsel and testify, and the trial court's refusal to allow Cortez's counsel to object. *Cortez*, 2013 Tex. App. LEXIS 7854, at \*\*8-9. The trial court considered each motion to modify and objections thereto on submission and provided fourteen days for additional submissions. *Id*. at \*9. Because of security risks, the trial court announced that counsel would not be permitted to meet with her clients before the appearances. *Id*. The trial court administered the oath to the participants collectively and called each person individually, asked if he had taken the oath, and informed him that the modification order was being signed in open court. *Id*. When Cortez's counsel attempted to make objections, the trial court ordered her to sit down or risk being thrown out of the courtroom, but informed counsel that she would be able to submit written objections. *Id*.

We explained that the trial court may modify SVP commitment requirements "'at any time after notice to each affected party to the proceedings and a hearing.'" *Id*. at \*8 (quoting Tex. Health & Safety Code Ann. § 841.082(e)

3

(West Supp. 2012)). Cortez received notice through counsel and appeared before the trial court after he objected, in writing, to OVSOM's motion to modify. *Id*. He personally appeared in court when the trial court modified the civil commitment order. *Id*. Thus, statutory and due process requirements were satisfied. *Id*.

We further held that the July 26 proceeding was not a hearing; consequently, Cortez did not receive an opportunity to be heard through his counsel at the appearance. *Id*. at **9-10. We explained that "'[u]nless required by the express language or the context of the particular rule, . . . the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court.'" *Id*. at *10 (quoting *Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988)). We further explained that "whether the trial court could modify the commitment order to require Cortez to reside at a facility approved by OVSOM was an issue of law." *Id*. at **10-11. The residency modification was an administrative matter that OVSOM, not the Special Prosecution Unit, brought to the trial court's attention. *Id*. at *11. "[G]iven the limited administrative purpose of the modification to conform to changes made by the Legislature, the opportunity to be heard only through written submission did not violate the statute or due process." *Id*. Additionally, Cortez had not

4

demonstrated what his unaddressed objections would have been, or that a contemporaneous objection was necessary to preserve error. *Id*. at *13.

In this case, Garrett received notice through his counsel, appeared before the trial court after submitting written objections to OVSOM's motion to modify, and was present when the trial court modified the civil commitment order. In light of the proceeding's limited administrative purpose, the opportunity to be heard only through written submission did not violate the SVP statute or due process. *See id*. at *11. Additionally, Garrett does not state what his objections would have been or that a contemporaneous objection was necessary to preserve error for appellate review. *See id*. at *13.

In issue three, Garrett contends that the State is using the modification procedure outlined in section 841.082(a)(1) to force civilly committed persons to reside in locked residential facilities where conditions are punitive, in violation of due process. We rejected the same argument in *Cortez* because Cortez and the other committed persons had filed a document with the trial court, in which they disavowed a constitutional challenge to the statute. *See id.* at *13. The trial court's July 26 order did not alter Garrett's status to a more restrictive custody. *See id.*

In issue four, Garrett contends that he was civilly committed before section 841.082(a)(1)'s enactment and that section 841.082(a)(1) is not retroactive. Section

5

841.082(a)(1) of the SVP statute provides that a civil commitment order must require the person to reside in a Texas residential facility under contract with OVSOM or at another location or facility approved by OVSOM. Tex. Health & Safety Code Ann. § 841.082(a)(1) (West Supp. 2012). The provision's effective date is September 1, 2005. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 849, § 9, 2005 Tex. Gen. Laws 2890, 2893.

As we explained in *Cortez,* "the 1999 SVP statute permitted the trial court to order a committed person to reside in a particular place and allowed the commitment requirements to be modified." *Cortez*, 2013 Tex. App. LEXIS 7854, at *16; *see* Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec. 841.082(a), 1999 Tex. Gen. Laws 4147 (amended 2003, 2005, 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(a) (West Supp. 2012)). The 2003 statute also gave the trial court the authority to modify commitment requirements and applied to persons committed before the effective date of the amendment. *Cortez*, 2013 Tex. App. LEXIS 7854, at **15-16; *see* Act of May 30, 2003, 78th Leg., R.S., ch. 347, §§ 24, 32, sec. 841.082(b), 2003 Tex. Gen. Laws 1505, 1517, 1519 (amended 2005, 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2012)). Thus, we concluded that "[t]he law in effect for pre-existing orders gave the trial court the discretion to modify the

residency requirement to accomplish what became required under the 2005 amendment to the SVP statute." *Cortez*, 2013 Tex. App. LEXIS 7854, at \*16; *see* Act of May 23, 2005, 79th Leg., R.S., ch. 849, § 3, sec. 841.082(a)(1), 2005 Tex. Gen. Laws 2890, 2891 (amended 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(a)(1) (West Supp. 2012)). Accordingly, the trial court could in its discretion order Garrett to live in an OVSOM-approved facility and did not abuse its discretion by doing so. *See Cortez*, 2013 Tex. App. LEXIS 7854, at \*\*16-17.

In issue five, Garrett maintains that he gave up his statutory and constitutional rights for an agreed judgment, that modification of the judgment results in a denial of due process, and that he is entitled to specific performance of the agreed judgment. We rejected this argument in *Cortez*, explaining that the modification to Cortez's civil commitment order was statutorily authorized and that Cortez could not seek specific performance because he had been convicted of violating the SVP order. *See id*. at \*17. Garrett has also been convicted of violating his civil commitment order and cannot seek specific performance even if the modification were not statutorily authorized. *See id*. Because we lack appellate jurisdiction, and Garrett's complaints do not warrant mandamus relief, we dismiss Garrett's appeal.

APPEAL DISMISSED.


                                           _____

                                                STEVE McKEITHEN
                                                    Chief Justice


Submitted on July 10, 2013
Opinion Delivered August 15, 2013
Before McKeithen, C.J., Gaultney and Kreger, JJ.