In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00385-CV
_____

IN RE COMMITMENT OF CARLOS CORTEZ

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 00-06-03831-CV

## OPINION

In this appeal concerning the modification of the residency requirement for a sexually violent predator, this Court lacks appellate jurisdiction because the order in question is not a final order. In response to an inquiry from this Court, appellant asks that in the event the Court decides that one or more of the issues raised in appellant's brief may not be reviewed on appeal due to a lack of appellate jurisdiction, this Court alternatively consider the brief of appellant as a request for mandamus relief. A certification pursuant to Rule 52.3(j) was filed. *See* Tex. R. App. P. 52.3(j).

This is the first of many related cases filed in which the parties have fully

briefed the substantive issues. Rather than require refiling and rebriefing as an original proceeding, we address the matters presented in the briefs in this case as essentially requesting mandamus relief. After a review of the issues and the record presented, however, we conclude we need not issue a writ of mandamus. We dismiss the appeal for lack of jurisdiction.

BACKGROUND

Carlos Cortez was civilly committed as a sexually violent predator on March 26, 2001. The trial court reviews the commitment order on a biennial basis and has modified the terms of commitment several times since 2001. The original judgment required that Cortez reside at a particular address in El Paso. The commitment requirements were amended to allow Cortez to reside anywhere in El Paso County. In 2008, Cortez was convicted of violating a commitment requirement and returned to prison. While Cortez was incarcerated, the trial court amended the commitment requirement to state that "[Cortez] shall reside in El Paso County, Texas when released from prison." The same order specified that Cortez must live in a halfway house unless otherwise approved by the Council on Sex Offender Treatment (CSOT). In 2010, the trial court modified the requirement to state that "Cortez shall reside in a Texas residential facility under contract with

2

the Council on Sex Offender Treatment (Council) or at another location or facility approved by the Council."

At the time of the proceedings at issue here, Cortez was incarcerated with a projected release date of December 13, 2012. The Office of Violent Sex Offender Management (OVSOM),[1] as the governmental entity responsible for Cortez's sex offender treatment, requested that the terms of commitment be modified and requested a hearing. Cortez filed a written objection and requested that the earlier modification also be set aside. In a separate motion jointly filed with forty-five persons who are currently serving prison sentences for convictions obtained while under SVP commitment, Cortez alleged that insufficient treatment resulting from underfunding the program ensured no person committed would ever be released, and suggested committed persons were being prosecuted to make space for newly committed men. The motion sought to obtain sex offender treatment for committed persons while they are serving sentences in prison, or in the alternative to end the orders of commitment. Cortez requested a hearing on this motion be added to the previously scheduled hearing. A different filing by Cortez and the others

---

[1] Operation of the SVP treatment program transferred from the Council on Sex Offender Treatment (CSOT) to the newly created Office of Violent Sex Offender Management in 2011. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 16, 2003 Tex. Gen. Laws 1505, 1514, amended by Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 3, 2011 Tex. Sess. Law Serv. 3197, 3199 (current version at Tex. Health & Safety Code Ann. § 841.002(4) (West Supp. 2012)).

committed explained that they were not asking the court to declare the SVP statute unconstitutional, and that they were requesting only that they receive sex offender treatment while in prison.

On July 26, 2012, Cortez and the others were physically present in court but they were not allowed to consult with counsel or testify during their appearance. The trial court signed an order that changed the residency requirement to state that "The Respondent, Carlos Cortez shall reside in a Texas residential facility under contract with the Office of Violent Sex Offender Management (OVSOM) or at another location or facility approved by the OVSOM."

Cortez and the others filed a joint motion for rehearing. They requested a hearing at which they could be heard, present evidence, call and cross-examine witnesses, and consult with counsel. The trial court did not grant a rehearing, and Cortez filed a notice of appeal.

JURISDICTION

Because the assumption of appellate jurisdiction over an interlocutory order not expressly authorized by statute is fundamental error, we must address jurisdictional issues even though neither party challenges jurisdiction. *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678-79 (Tex. 1990). "In the absence of a special statute making an interlocutory order appealable, a judgment

4

must dispose of all issues and parties in the case, including those presented by counterclaim or cross action, to be final and appealable." *Id.*

An order that neither disposes of all issues and parties before the court nor follows a conventional trial on the merits is interlocutory unless it is made final through severance, or states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). In SVP commitment cases, the trial court retains jurisdiction while the commitment order remains in effect. *In re Commitment of Richards*, 395 S.W.3d 905, 909 (Tex. App.—Beaumont 2013, pet. denied); *see also* Tex. Health & Safety Code Ann. § 841.082(d) (West Supp. 2012). The trial court may modify the SVP commitment requirements "at any time after notice to each affected party to the proceedings and a hearing." *Id.* § 841.082(e) (West Supp. 2012). Here, the trial court modified one of the commitment requirements without ending the court's supervision of the committed person and without severing the order or making the otherwise interlocutory order appealable. *See Lehmann*, 39 S.W.3d at 192-93, 208. We conclude the trial court's order of July 26, 2012 was not an appealable order in the SVP commitment case, and no interlocutory appeal has been provided by statute.

MANDAMUS

An interlocutory order may be reviewed by mandamus under appropriate circumstances. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452-53 (Tex. 2011). "Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). Because judicial efficiency, the burden on the parties, and the interests of justice militate against requiring Cortez to file a separate original proceeding under the unusual circumstances here, we address his issues to determine whether Cortez has established an abuse of the trial court's discretion for which he has no adequate remedy. *See CMH Homes*, 340 S.W.3d at 453-54 (request to consider appeal as mandamus proceeding granted); *Powell v. Stover*, 165 S.W.3d 322, 324 n.1 (Tex. 2005) (treating petition for review as petition for writ of mandamus); *Prudential*, 148 S.W.3d at 135-36; *In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 784 (Tex. 2006) (Brister, J. concurring) ("When this and other Texas appellate courts decide that an appeal or other pleading should

6

have been pursued by mandamus, we do not generally toss out the appeal or require it to be done twice; instead, we treat the improper appeal as a proper mandamus."); *compare Wells Fargo Bank, N.A. v. Goldberg*, No. 09-10-00386-CV, 2011 Tex. App. LEXIS 1327 (Tex. App.—Beaumont Feb. 24, 2011, no pet.) (mem. op.) (considering availability of mandamus relief in appeal dismissed for lack of jurisdiction).

DUE PROCESS

Cortez asserts due process and statutory violations in his first two issues. The trial court may modify the SVP commitment requirements "at any time after notice to each affected party to the proceedings and a hearing." Tex. Health & Safety Code Ann. § 841.082(e). Cortez received notice through counsel and appeared before the trial court when he filed written objections to the modification. He personally appeared in court when the trial court modified the order. We conclude the statutory and due process notice requirements have been satisfied here.

Cortez also argues the trial court deprived him of the hearing to which he was entitled by statute. *Id.* And Cortez contends the hearing did not comport with due process because he was not permitted to testify or consult with counsel during the hearing.

7

The trial court modified the SVP orders affecting forty-six persons at the same time. In an effort to maintain control in an appearance attended by incarcerated sex offenders, the trial court decided that the joint motion to modify the orders of commitment would be taken up by submission after the appearances and considered in each case individually. The trial court considered the objections to any modification of the residency requirement by submission, and gave the movants fourteen days to provide additional submissions. The trial court announced that, due to the security risk, counsel would not be allowed to meet with her clients before the appearances commenced. The trial court administered the oath to the participants as a group, called each person individually, asked if he had taken the oath, and then informed him that the order was being signed in open court.

At one point, after Cortez's order had been signed, counsel stood to make an objection. She was ordered to sit down. When she stated she had an objection to make, the trial judge stated that she would have an opportunity to make a motion in writing.

The proceeding conducted in the courtroom on July 26, 2012 cannot be considered a hearing. Cortez was not provided an opportunity to be heard through counsel at the appearance. But "[u]nless required by the express language or the

context of the particular rule, . . . the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988). Written submission of objections was permitted by the court.

Cortez contends the trial court's action deprives him of a liberty interest, but his right to control the location of his residence was lost when he was committed, and the order at issue here simply transferred a previously delegated function to a newly created entity. *See generally Davidson v. Cannon*, 474 U.S. 344, 348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (The Fourteenth Amendment does not require a remedy when there has been no deprivation of a protected interest.). "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269-70, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). But whether the trial court could modify the commitment order to require Cortez to reside at a facility approved by OVSOM was an issue of law. The right to be heard in a meaningful manner does not in every instance require oral argument or an evidentiary hearing when only issues of law are raised. *See FCC v. WJR*, 337 U.S. 265, 276, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949). The residency modification was an administrative matter brought to the attention of the trial court by the treating

9

entity, not the Special Prosecution Unit. In these unique circumstances, given the limited administrative purpose of the modification to conform to changes made by the Legislature, the opportunity to be heard only through written submission did not violate the statute or due process.

Cortez sought affirmative relief -- in the form of an order that OVSOM provide sex offender treatment during a committed person's incarceration or a termination of the SVP commitment -- but that was not the purpose for his appearance in court. Furthermore, certain provisions imposed by the SVP statute are suspended for the duration of any confinement of the committed person. *See* Tex. Health & Safety Code Ann. § 841.150 (West Supp. 2012). The trial court may release a person from all requirements of a civil commitment under the SVP statute after a determination that the committed person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code Ann. §§ 841.121, 841.124 (West 2010). But the allegation in Cortez's motion was that he received inadequate sex offender treatment, not that his treatment had made him no longer likely to engage in a predatory act of sexual violence.

At the appearance at which counsel was present, the trial court should not have prohibited counsel from making an objection. The trial court possesses

inherent power "to require that proceedings be conducted with dignity and in an orderly and expeditious manner and control the proceedings so that justice is done." Tex. Gov't Code Ann. § 21.001(b) (West 2004). But there is no indication counsel was disruptive or in contempt of court. Granting leave to file a motion may not adequately substitute for a contemporaneous objection if one were required. *See* Tex. R. App. P. 33.1. As a result, justice may not be done if the trial court refused to allow counsel to preserve error.

The Rules do provide a procedure to "complain on appeal about a matter that would not otherwise appear in the record . . . ." *See, e.g.,* Tex. R. App. P. 33.2 (formal bills of exception). Cortez, however, has not demonstrated what his unaddressed objections would have been, or that a contemporaneous objection was necessary to preserve error. We are addressing the arguments presented in his brief.

### OUTPATIENT TREATMENT

Cortez contends that because his residency requirement has been modified, his civil commitment no longer qualifies as an outpatient treatment program. He argues the Texas Supreme Court found the SVP statute was constitutional because persons committed under the statute remained free from confinement. *See In re Commitment of Fisher*, 164 S.W.3d 637, 648 (Tex. 2005). Cortez argues that

11

because he must live in a facility approved by OVSOM he is not free from confinement. But Cortez expressly disavowed a constitutional challenge to the statute in his filing with the trial court. We decline to find an abuse of discretion on an issue the trial court was told was not before the court.

STATUTORY AMENDMENTS

Cortez contends the trial court abused its discretion in ordering him to "reside in a Texas residential facility under contract with the Office of Violent Sex Offender Management (OVSOM) or at another location or facility approved by the OVSOM." Cortez contends (1) he had a vested interest in the commitment requirements contained in the original commitment order and (2) the 2005 amendments to the SVP statute do not apply to him.

The judgment places Cortez into a long-term sex offender treatment program. The judgment of commitment was made on stipulated facts and contains waivers of Cortez's right to file a motion for new trial and notice of appeal, but it does not purport to give Cortez the right to terminate his sex offender treatment if the trial court modifies the terms of commitment following a period of incarceration for violating the commitment order. To support his argument that he retained the right to live at a specific address in El Paso, Cortez relies on a commitment requirement that "[t]his Order committing Respondent will remain

12

binding upon him following any release from any subsequent incarceration." That requirement does nothing more than provide that Cortez will continue to be subject to the order of commitment. Cortez has not shown that he had a vested right to always reside at the address stated in the commitment order.

At the time of the original commitment order, the SVP statute provided that the trial court "shall impose on the person requirements necessary to ensure the person's compliance with treatment and supervision and to protect the community." Act of May 30, 1999, 76th Leg., R.S., ch. 1188 § 4.01, sec. 841.082(a), 1999 Tex. Gen. Laws 4147 (amended 2003, 2005, 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(a) (West Supp. 2012)). The mandatory requirements included "requiring the person to reside in a particular location[.]" *Id.* As it existed in 2001, the SVP statute allowed the judge to modify the requirements imposed in the commitment order. *Id.* Tex. Gen. Laws 4149. In 2003, the Legislature amended the SVP statute to add that "[t]he judge may request assistance from the council in determining an appropriate residence for the person." Act of May 30, 2003, 78th Leg., R.S., ch. 347 § 24, sec. 841.082(b), 2003 Tex. Gen. Laws 1517 (amended 2005, 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(b) (West Supp. 2012)). The 2003 amendment added that "[t]he requirements imposed under Subsection (a)

13

may be modified at any time after notice to each affected party to the proceedings and a hearing." *Id.* (current version at Tex. Health & Safety Code Ann. § 841.082(e)). The 2003 amendment "applies to civil commitment proceedings initiated before, on, or after the effective date of this Act." *Id.* § 32, 2003 Tex. Gen. Laws 1519.

We conclude the 1999 SVP statute permitted the trial court to order a committed person to reside in a particular place and allowed the commitment requirements to be modified. The 2003 amendments to the SVP statute apply to persons committed before the effective date of the amendment and give the trial court the authority to modify the commitment requirements. Accordingly, the trial court could in its discretion order Cortez to live in an CSOT-approved facility. The law in effect for pre-existing orders gave the trial court the discretion to modify the residency requirement to accomplish what became required under the 2005 amendment to the SVP statute. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 849 § 3, sec. 841.082(a)(1), 2005 Tex. Gen. Laws 2891 (amended 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(a)(1) (West Supp. 2012)). In 2011, the Legislature created OVSOM and transferred the duties for providing appropriate and necessary treatment and supervision under the SVP statute from CSOT to the new agency. Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, 2011

14

Tex. Gen. Laws 3197-3204. The Legislature provided for a transition of authority from CSOT to OVSOM. *Id.* § 17, 19. The trial court did not abuse its discretion by ordering Cortez to reside in an OVSOM-approved facility.

SPECIFIC PERFORMANCE

The requirements in the commitment order issued pursuant to a judgment entered on stipulated facts. Cortez contends the State breached its agreement when OVSOM requested a modification of the commitment order. But the statute authorizes modifications. Furthermore, Cortez has been convicted of violating the SVP order; even if we somehow accepted his "breach of agreement" argument, which we do not, he could not seek specific performance.

CONCLUSION

We lack appellate jurisdiction, and Cortez's complaints do not warrant mandamus relief. The appeal is dismissed.

DISMISSED.

_____
DAVID GAULTNEY
Justice


Submitted on May 28, 2013
Opinion Delivered June 27, 2013

Before McKeithen, C.J., Gaultney and Horton, JJ.