**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00406-CV**

_____

**IN RE COMMITMENT OF DARYL HOLT**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 05-10-08910 CV**

**OPINION**

Daryl Holt filed a notice of appeal from an order modifying one of the requirements of his civil commitment order. As one of the forty-six persons affected by similar orders signed by the trial court on July 26, 2012, Holt complains that the trial court violated his right to due process. We conclude the order is not appealable and that mandamus relief is not warranted. Accordingly, we dismiss the appeal.

In 2006, the trial court committed Daryl Holt for outpatient treatment and supervision pursuant to Chapter 841 of the Texas Health and Safety Code. *See In re Commitment of Holt*, No. 09-06-465 CV, 2007 WL 3101935, at *1 (Tex. App.—

1

Beaumont Oct. 25, 2007, no pet.) (mem. op.); *see also* Tex. Health & Safety Code Ann. §§ 841.001–.151 (West 2010 & Supp. 2012) (SVP statute). When Holt was civilly committed, section 841.082(a)(1) stated that a civil commitment order must require the person to reside in a Texas residential facility under contract with the Council on Sex Offender Treatment (CSOT) or at another location or facility approved by CSOT. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 849, § 3, sec. 841.082(a)(1), 2005 Tex. Gen. Laws 2890, 2891 (amended 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(a)(1) (West Supp. 2012)).[1] The 2006 order required that Holt reside in Harris County, Texas, and that he reside in a halfway house unless otherwise approved by CSOT. After an unopposed request by CSOT in 2010, the trial court modified Holt's commitment requirements to conform to section 841.082(a)(1) and require Holt to reside in a facility under contract with CSOT. As of July 2012, Holt was housed in the Neal Unit of the Texas Department of Criminal Justice, with a projected release date of September 2, 2015.[2]

---

[1] The 2005 amendments to the SVP statute apply to Holt, who was serving a sentence in the Texas Department of Criminal Justice on September 1, 2005. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 849, § 9, 2005 Tex. Gen. Laws 2890, 2893.

[2] The duties imposed by the SVP statute are suspended for the duration of Holt's confinement. *See* Tex. Health & Safety Code Ann. § 841.150(a).

In 2011, the Legislature created the Office of Violent Sex Offender Management (OVSOM) and transferred the duties for providing appropriate and necessary treatment and supervision under the SVP statute from CSOT to the new agency. *See* Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, §§ 1-21, 2011 Tex. Gen. Laws 3197-3204. OVSOM filed written requests for a modification of the order with regard to many of the forty-six persons affected by orders signed on July 26, 2012, but no written request appears in the clerk's record in Holt's case.

## JURISDICTION

The notice of appeal filed in this case failed to invoke our appellate jurisdiction because the trial court's order of July 26, 2012, modified a requirement of Holt's SVP treatment without finally disposing of the SVP commitment case and no interlocutory appeal has been provided for by statute. *See In re Commitment of Cortez*, No. 09-12-00385-CV, 2013 WL 3270613, at *2 (Tex. App.—Beaumont June 27, 2013, no pet. h.). The trial court retains jurisdiction while the civil commitment order remains in effect. *See In re Commitment of Richards*, 395 S.W.3d 905, 907 (Tex. App.—Beaumont 2013, pet. denied). No language in the order suggests that the trial court considered the order to be final. *See, e.g., In re Commitment of Davis*, 291 S.W.3d 124, 128 (Tex. App.—Beaumont 2009, pet. denied) (noting trial court included unmistakable language of finality). We conclude that the order at issue is not appealable.

MANDAMUS

In response to an inquiry from this Court, Holt asks that we alternatively consider his brief as a request for mandamus relief. For the same reasons as in *Cortez*, we address the presented issues as a mandamus petition. *Cortez*, 2013 WL 3270613, at *2; *see also CMH Homes v. Perez*, 340 S.W.3d 444, 452-53 (Tex. 2011) (holding an interlocutory trial court order may be reviewed by mandamus under appropriate circumstances).

## *Objections by Counsel*

In his first issue, Holt complains that the trial court did not permit his counsel to make an oral objection while he was present in the courtroom. In *Cortez,* we addressed an identical complaint. *See Cortez,* 2013 WL 3270613, at *4. Although we agreed that the trial court should not have prohibited counsel from making an objection when counsel was neither disruptive nor contemptuous of the court proceedings, we concluded Cortez did not identify an issue that the trial court prevented this Court from addressing. *Id.* The same is the case here. Holt filed a post-hearing motion in which he complained that the trial court had not given him a full evidentiary hearing, and we are addressing the arguments presented in Holt's brief. The record does not need further development for Holt to present his challenge to the appellate court. *See generally* Tex. R. App. P. 44.4.

4

*Lack of Written Motion and Hearing*

In his second issue, Holt complains that the trial court failed to give proper notice prior to modifying the terms of his commitment. He argues he was entitled to a signed copy of the State's pleading. Holt joined motions filed on behalf of the forty-six men and in a submission filed on July 10, 2012, Holt acknowledged that he was going to be transported to the courtroom on July 26, 2012, for the hearing on OVSOM's requested modification. The trial court's order of July 26, 2012, merely substituted the former entity, CSOT, for the newly-created entity, OVSOM, which assumed CSOT's duties relating to the SVP program in a coordinated transfer effective September 1, 2011. *See* Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 19(a)-(c), 2011 Tex. Sess. Law Serv. 3203. From the record, it is evident that Holt was aware that the trial court was going to make a technical change in the residency requirement to reflect that upon Holt's release, OVSOM would provide his housing.

Likewise, we do not find it necessary to command the trial court to vacate its order of July 26, 2012 and issue a new order after conducting an evidentiary hearing. The order merely conformed Holt's commitment requirements to reflect the change in agency made by the Legislature the previous year. *See generally* Tex. Gov't Code Ann. §§ 420A.001-.011 (West 2012); Tex. Health & Safety Code Ann. §§ 841.002, 841.007, 841.021-.023, 841.082-.084.

*Outpatient Treatment*

In his third issue, Holt contends the modification procedure curtails true outpatient treatment because it requires civilly committed men to live in locked facilities where conditions are punitive, in violation of due process. We rejected the same argument in *Cortez*, based upon a disclaimer filed in the trial court that was jointly filed by Cortez, Holt, and the other committed persons. *See Cortez*, 2013 WL 3270613, at *4. Holt did not challenge the commitment order on this ground in his appeal. *See Holt*, 2007 WL 3101935. The trial court's order of July 26, 2012 did not alter Holt's status to a more restrictive custody.

## CONCLUSION

We lack appellate jurisdiction to review the order at issue here, and Holt's complaints do not warrant mandamus relief. Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on June 18, 2013
Opinion Delivered July 11, 2013

Before Gaultney, Kreger, and Horton, JJ.

6