In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00404-CV
_____

IN RE COMMITMENT OF RODNEY RHYNES

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 05-04-03171 CV

MEMORANDUM OPINION

In August 2005, after a jury trial, the trial court rendered a final judgment and an order civilly committing Rodney Rhynes for outpatient treatment and supervision pursuant to the sexually violent predator statute. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). The order required Rhynes to reside in Tarrant County, Texas. In June 2007, the trial court signed an amended order that required Rhynes to reside in Harris County, Texas, and in December 2010, the trial court signed an order modifying the commitment order to require Rhynes to reside "in a Texas residential facility under contract with the

Council on Sex Offender Treatment (Council) or at another location or facility approved by the Council."

On July 26, 2012, in response to a motion to modify filed by the Office of Violent Sex Offender Management (OVSOM), the trial court modified the judgment and civil commitment order to require that Rhynes "shall reside in a Texas residential facility under contract with the Office of Violent Sex Offender Management (OVSOM) or at another location or facility approved by the OVSOM."[1] Rhynes is one of many persons affected by modification orders signed by the trial court on July 26. Rhynes asserts four appellate issues challenging the modification order. Because the order is not appealable and mandamus relief is not warranted, we dismiss Rhynes's appeal.

The trial court's July 26 order modified a requirement of Rhynes's SVP treatment without finally disposing of the commitment case and no interlocutory appeal is statutorily authorized; thus, Rhynes's notice of appeal fails to invoke our appellate jurisdiction. *See In re Commitment of Cortez*, No. 09-12-00385-CV, ___ S.W.3d ___, 2013 Tex. App. LEXIS 7854, at **5-6 (Tex. App.—Beaumont June

---

[1] In 2011, operation of the SVP treatment program transferred from the Council on Sex Offender Treatment (CSOT) to OVSOM. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 16, 2003 Tex. Gen. Laws 1505, 1514, amended by Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 3, 2011 Tex. Sess. Law Serv. 3197, 3199 (current version at Tex. Health & Safety Code Ann. § 841.002(4) (West Supp. 2012)).

27, 2013, no pet. h.) (not yet released for publication). However, Rhynes asks that we alternatively consider his brief as a request for mandamus relief. For the reasons stated in *Cortez*, we will address Rhynes's issues as a mandamus petition. *See id.* at **6-8.

In issues one and two, Rhynes challenges the trial court's refusal to allow counsel to make objections during the modification proceedings, consideration of the motion to modify and objections on submission, and refusal to allow Rhynes to communicate with his counsel or present evidence during the proceedings. Rhynes further contends that the State "should be required to serve an accurate, complete[,] and signed copy of a pleading upon the individual whose commitment order the State intends to modify and his attorney."

As we have previously explained, the trial court may modify SVP commitment requirements "'at any time after notice to each affected party to the proceedings and a hearing.'" *Id.* at *8 (quoting Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2012)). Rhynes received notice through counsel, appeared before the trial court after filing written objections to OVSOM's motion to modify, and personally appeared in court when the trial court modified the civil commitment order. *See id.* at **8-10. Moreover, because of the limited administrative purpose of modification to conform to changes made by the

3

Legislature, the opportunity to be heard through written submission alone does not violate the SVP statute or due process. *Id*. at \*11. Rhynes has not shown what his unaddressed objections would have been, or that a contemporaneous objection was necessary to preserve error. *See id*. at \*13.

In issue three, Rhynes argues that the modification procedure forces civilly committed persons to reside in locked residential facilities where conditions are punitive, in violation of due process. Along with numerous other civilly committed persons, Rhynes disavowed a constitutional challenge to the statute in the trial court. *See id.* The trial court's July 26 order did not alter Rhynes's status to a more restrictive custody. *See id*.

In issue four, Rhynes contends that he was civilly committed before section 841.082(a)(1)'s enactment date. Section 841.082(a)(1) of the SVP statute provides that a civil commitment order must require the person to reside in a Texas residential facility under contract with OVSOM or at another location or facility approved by OVSOM. Tex. Health & Safety Code Ann. § 841.082(a)(1) (West Supp. 2012). The provision's effective date is September 1, 2005. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 849, § 9, 2005 Tex. Gen. Laws 2890, 2893.

As we explained in *Cortez*, "the 1999 SVP statute permitted the trial court to order a committed person to reside in a particular place and allowed the

4

commitment requirements to be modified." *Cortez,* 2013 Tex. App. LEXIS 7854, at *16; *see* Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec. 841.082(a), 1999 Tex. Gen. Laws 4147 (amended 2003, 2005, 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(a) (West Supp. 2012)). The 2003 statute gave the trial court the authority to modify commitment requirements and applied to persons committed before the effective date of the amendment. *Cortez,* 2013 Tex. App. LEXIS 7854, at **15-16; *see* Act of May 30, 2003, 78th Leg., R.S., ch. 347, §§ 24, 32, sec. 841.082(b), 2003 Tex. Gen. Laws 1505, 1517, 1519 (amended 2005, 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2012)). Thus, under the law in effect for pre-existing orders, the trial court had the discretion to modify the residency requirement to accomplish what the Legislature required under the 2005 amendment to the SVP statute. *Cortez,* 2013 Tex. App. LEXIS 7854, at *16; *see* Act of May 23, 2005, 79th Leg., R.S., ch. 849, § 3, sec. 841.082(a)(1), (e), 2005 Tex. Gen. Laws 2890, 2891 (amended 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(a)(1), (e) (West Supp. 2012)). The trial court could in its discretion order Rhynes to live in an OVSOM-approved facility and did not abuse its discretion by doing so. *See Cortez,* 2013 Tex. App. LEXIS 7854, at **16-17. Because we lack

appellate jurisdiction, and Rhynes's complaints do not warrant mandamus relief, we dismiss Rhynes's appeal.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 10, 2013
Opinion Delivered August 15, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.