In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00421-CV
_____


IN RE COMMITMENT OF JOSE SALAZAR

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 06-09-09200 CV

**MEMORANDUM OPINION**

In April 2007, the trial court rendered a final judgment and an order civilly committing Jose Salazar for outpatient treatment and supervision pursuant to the sexually violent predator statute. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). The order required Salazar to reside in Harris County, Texas. On July 26, 2012, in response to a motion to modify filed by the Office of Violent Sex Offender Management ("OVSOM"), the trial court modified the judgment and civil commitment order to require that Salazar reside in a Texas residential facility under contract with OVSOM or at another location or facility

approved by OVSOM. Salazar is one of several persons affected by similar orders signed by the trial court on July 26. Salazar asserts three appellate issues challenging the modification order. Because the order is not appealable and mandamus relief is not warranted, we dismiss Salazar's appeal.

The trial court's July 26 order modified a requirement of Salazar's SVP treatment without finally disposing of the commitment case and no interlocutory appeal is statutorily authorized; thus, Salazar's notice of appeal fails to invoke our appellate jurisdiction. *See In re Commitment of Cortez*, No. 09-12-00385-CV, ___ S.W.3d ___, 2013 Tex. App. LEXIS 7854, at **5-6 (Tex. App.—Beaumont June 27, 2013, no pet. h.) (not yet released for publication). Salazar asks that we alternatively consider his brief as a request for mandamus relief. For the reasons stated in *Cortez*, we will address Salazar's issues as a mandamus petition. *See id.* at **6-8.

In issues one and two, Salazar complains that his counsel was not allowed to make objections during the modification proceedings, he was not allowed to meet with his counsel, he was not allowed to testify or present evidence, the trial court considered the motion to modify and objections on submission, and that the State must serve a copy of the pleading upon both the person whose commitment order the State seeks to modify and the person's counsel. In *Cortez*, we explained that

2

the trial court may modify SVP commitment requirements "'at any time after notice to each affected party to the proceedings and a hearing.'" *Id.* at *8 (quoting Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2012)). Salazar received notice through counsel, appeared before the trial court after filing written objections to OVSOM's motion to modify, and personally appeared in court when the trial court modified the civil commitment order. *See id*. at **8-10. Moreover, because of the limited administrative purpose of modification to conform to changes made by the Legislature, the opportunity to be heard through written submission alone does not violate the SVP statute or due process. *Id*. at *11. Salazar has not shown what his unaddressed objections would have been, or that a contemporaneous objection was necessary to preserve error. *See id*. at *13.

In issue three, Salazar argues that the modification procedure forces civilly committed persons to reside in locked residential facilities where conditions are punitive, in violation of due process. Along with numerous other civilly committed persons, Salazar disavowed a constitutional challenge to the statute in the trial court. *See id.* The trial court's July 26 order did not alter Salazar's status to a more restrictive custody. *See id*. Because we lack appellate jurisdiction, and Salazar's complaints do not warrant mandamus relief, we dismiss Salazar's appeal.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on July 10, 2013
Opinion Delivered August 15, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.