**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00413-CV**

_____

**IN RE COMMITMENT OF JOHNNY YAW**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 07-02-02126 CV**

**MEMORANDUM OPINION**

In November 2007, the trial court rendered an agreed final judgment and an order civilly committing Johnny Yaw[1] for outpatient treatment and supervision pursuant to the sexually violent predator statute. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). The order required Yaw to reside in Tarrant County, Texas. On July 26, 2012, in response to a motion to modify filed by the Office of Violent Sex Offender Management (OVSOM), the trial court modified the judgment and civil commitment order to require that Yaw

[1]On some documents in the record, Yaw's first name is spelled "Johnnie[.]"

1

"reside in a Texas residential facility under contract with the Office of Violent Sex Offender Management (OVSOM) or at another location or facility approved by the OVSOM."[2] Yaw is one of many persons affected by similar modification orders signed by the trial court on July 26. Yaw asserts three appellate issues challenging the modification order. Because the order is not appealable and mandamus relief is not warranted, we dismiss Yaw's appeal.

The trial court's July 26 order modified a requirement of Yaw's SVP treatment without finally disposing of the commitment case and no interlocutory appeal is statutorily authorized; thus, Yaw's notice of appeal fails to invoke our appellate jurisdiction. *See In re Commitment of Cortez*, No. 09-12-00385-CV, ___ S.W.3d ___, 2013 Tex. App. LEXIS 7854, at \*\*5-6 (Tex. App.—Beaumont June 27, 2013, no pet. h.) (not yet released for publication). However, Yaw asks that we alternatively consider his brief as a request for mandamus relief. For the reasons stated in *Cortez*, we will address Yaw's issues as a mandamus petition. *See id.* at \*\*6-8.

---

[2]In 2011, operation of the SVP treatment program transferred from the Council on Sex Offender Treatment to OVSOM. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 16, 2003 Tex. Gen. Laws 1505, 1514, amended by Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 3, 2011 Tex. Sess. Law Serv. 3197, 3199 (current version at Tex. Health & Safety Code Ann. § 841.002(4) (West Supp. 2012)).

In issues one and two, Yaw challenges the trial court's refusal to allow counsel to make objections during the modification proceedings, consideration of the motion to modify and objections on submission, and refusal to allow Yaw to communicate with his counsel or present evidence during the proceedings. Yaw also asserts within issue two that because the State had not filed a written motion to modify, no motion to modify was properly before the trial court. Yaw further contends that the State must "actually serve a complete and accurate copy of a pleading upon the individual whose commitment order the State intends to modify and his attorney."

As we have previously explained, the trial court may modify SVP commitment requirements "'at any time after notice to each affected party to the proceedings and a hearing.'" *Id.* at *8 (quoting Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2012)). Yaw received notice through counsel, appeared before the trial court after filing written objections to OVSOM's motion to modify, and personally appeared in court when the trial court modified the civil commitment order. *See id.* at **8-10. Moreover, because of the limited administrative purpose of modification to conform to changes made by the Legislature, the opportunity to be heard through written submission alone does not violate the SVP statute or due process. *Id.* at *11. Yaw has not shown what his

3

unaddressed objections would have been, or that a contemporaneous objection was necessary to preserve error. *See id*. at *13.

Yaw joined motions filed on behalf of the affected men and was present at the hearing on the motion to modify. The trial court's July 26 order merely substituted the newly-created entity, OVSOM, in place of the former entity, CSOT, because OVSOM assumed CSOT's duties, effective September 1, 2011. *See* Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 19(a)-(c), 2011 Tex. Sess. Law Serv. 3197, 3203. The record demonstrates that Yaw was aware that the trial court was going to make a technical change in the residency requirement to reflect that upon Yaw's release, OVSOM would provide his housing. We do not find it necessary to command the trial court to vacate its order of July 26 and issue a new order after conducting an evidentiary hearing. The order merely conformed Yaw's commitment requirements to reflect the change in agency made by the Legislature the previous year. *See generally* Tex. Gov't Code Ann. §§ 420A.001-.011 (West 2012); Tex. Health & Safety Code Ann. §§ 841.002, 841.007, 841.021-.023, 841.082-.084 (West Supp. 2012).

In issue three, Yaw argues that the modification procedure forces civilly committed persons to reside in locked residential facilities where conditions are punitive, in violation of due process. Along with numerous other civilly committed

4

persons, Yaw disavowed a constitutional challenge to the statute in the trial court. *See Cortez,* 2013 Tex. App. LEXIS 7854, at \*13. The trial court's July 26 order did not alter Yaw's status to a more restrictive custody. *See id*.

Because we lack appellate jurisdiction, and Yaw's complaints do not warrant mandamus relief, we dismiss Yaw's appeal.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 10, 2013
Opinion Delivered August 15, 2013
Before McKeithen, C.J., Gaultney and Kreger, JJ.