In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00396-CV
_____

IN RE COMMITMENT OF GEORGE LOWE

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 02-12-07920 CV

MEMORANDUM OPINION

In July 2003, the trial court rendered a final judgment and an order civilly committing George Lowe for outpatient treatment and supervision pursuant to the sexually violent predator statute. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). The order required Lowe to reside in Harris County, Texas. On July 26, 2012, in response to a motion to modify filed by the Office of Violent Sex Offender Management ("OVSOM"), the trial court modified the judgment and civil commitment order to require that Lowe reside in a Texas residential facility under contract with OVSOM or at another location or facility

1

approved by OVSOM. Lowe is one of many persons affected by similar orders signed by the trial court on July 26. Lowe asserts four appellate issues challenging the modification order. Because the order is not appealable and mandamus relief is not warranted, we dismiss Lowe's appeal.

The trial court's July 26 order modified a requirement of Lowe's SVP treatment without finally disposing of the commitment case and no interlocutory appeal is statutorily authorized; thus, Lowe's notice of appeal fails to invoke our appellate jurisdiction. *See In re Commitment of Cortez*, No. 09-12-00385-CV, ___ S.W.3d ___, 2013 Tex. App. LEXIS 7854, at **5-6 (Tex. App.—Beaumont June 27, 2013, no pet. h.) (not yet released for publication). Lowe asks that we alternatively consider his brief as a request for mandamus relief. For the reasons stated in *Cortez*, we will address Lowe's issues as a mandamus petition. *See id.* at **6-8.

In issues one and two, Lowe complains that his counsel was not allowed to make objections during the proceedings, he was not allowed to meet with counsel, he was not allowed to testify or present evidence, the trial court considered the motion to modify and objections on submission, and the State must serve "an accurate, complete, and signed pleading" upon both the person whose commitment order the State seeks to modify and the person's counsel. In *Cortez*, we explained

2

that the trial court is authorized to modify SVP commitment requirements "'at any time after notice to each affected party to the proceedings and a hearing.'" *Id.* at \*8 (quoting Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2012)). Lowe received notice through counsel, appeared before the trial court after filing written objections to OVSOM's motion to modify, and personally appeared in court when the trial court modified the civil commitment order. *See id*. at \*\*8-10. Moreover, because of the limited administrative purpose of modification to conform to changes made by the Legislature, the opportunity to be heard through written submission alone does not violate the SVP statute or due process. *Id*. at \*11. Lowe has not shown what his unaddressed objections would have been, or that a contemporaneous objection was necessary to preserve error. *See id*. at \*13.

In issue three, Lowe argues that the modification procedure forces civilly committed persons to reside in locked residential facilities where conditions are punitive, in violation of due process. Along with numerous other civilly committed persons, Lowe disavowed a constitutional challenge to the statute in the trial court. *See id.* The trial court's July 26 order did not alter Lowe's status to a more restrictive custody. *See id*.

In issue four, Lowe contends that he was civilly committed before section 841.082(a)(1)'s enactment date. Section 841.082(a)(1) of the SVP statute provides

3

that a civil commitment order must require the person to reside in a Texas residential facility under contract with OVSOM or at another location or facility approved by OVSOM. Tex. Health & Safety Code Ann. § 841.082(a)(1) (West Supp. 2012). The provision's effective date is September 1, 2005. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 849, § 9, 2005 Tex. Gen. Laws 2890, 2893.

As we explained in *Cortez*, "the 1999 SVP statute permitted the trial court to order a committed person to reside in a particular place and allowed the commitment requirements to be modified." *Cortez,* 2013 Tex. App. LEXIS 7854, at *16; *see* Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec. 841.082(a), 1999 Tex. Gen. Laws 4147 (amended 2003, 2005, 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(a) (West Supp. 2012)). The 2003 statute gave the trial court the authority to modify commitment requirements and applied to persons committed before the effective date of the amendment. *Cortez*, 2013 Tex. App. LEXIS 7854, at **15-16; *see* Act of May 30, 2003, 78th Leg., R.S., ch. 347, §§ 24, 32, sec. 841.082(b), 2003 Tex. Gen. Laws 1505, 1517, 1519 (amended 2005, 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2012)). Thus, under the law in effect for pre-existing orders, the trial court had the discretion to modify the residency requirement to accomplish what the 2005 amendment to the SVP statute required. *Cortez*, 2013

Tex. App. LEXIS 7854, at *16; *see* Act of May 23, 2005, 79th Leg., R.S., ch. 849, § 3, sec. 841.082(a)(1), 2005 Tex. Gen. Laws 2890, 2891 (amended 2007, 2011) (current version at Tex. Health & Safety Code Ann. § 841.082(a)(1) (West Supp. 2012)). The trial court could in its discretion order Lowe to live in an OVSOM-approved facility and did not abuse its discretion by doing so. *See Cortez*, 2013 Tex. App. LEXIS 7854, at **16-17. Because we lack appellate jurisdiction, and Lowe's complaints do not warrant mandamus relief, we dismiss Lowe's appeal.

      APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 10, 2013
Opinion Delivered August 15, 2013
Before McKeithen, C.J., Gaultney and Kreger, JJ.

5