In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00390-CV

_____


IN RE COMMITMENT OF EDGAR FIRE

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 07-10-10275 CV**

**MEMORANDUM OPINION**

In December 2007, the trial court rendered an agreed final judgment and an order civilly committing Edgar Fire for outpatient treatment and supervision pursuant to the sexually violent predator statute. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). The order required Fire to reside in El Paso County, Texas. On July 26, 2012, in response to a motion to modify filed by the Office of Violent Sex Offender Management (OVSOM), the trial court modified the judgment and civil commitment order to require that Fire "reside in a Texas residential facility under contract with the Office of Violent Sex Offender

1

Management (OVSOM) or at another location or facility approved by the OVSOM."[1] Fire is one of many persons affected by similar modification orders signed by the trial court on July 26. Fire asserts four appellate issues challenging the modification order. Because the order is not appealable and mandamus relief is not warranted, we dismiss Fire's appeal.

The trial court's July 26 order modified a requirement of Fire's SVP treatment without finally disposing of the commitment case and no interlocutory appeal is statutorily authorized; thus, Fire's notice of appeal fails to invoke our appellate jurisdiction. *See In re Commitment of Cortez*, No. 09-12-00385-CV, ___ S.W.3d ___, 2013 Tex. App. LEXIS 7854, at **5-6 (Tex. App.—Beaumont June 27, 2013, no pet. h.) (not yet released for publication). However, Fire asks that we alternatively consider his brief as a request for mandamus relief. For the reasons stated in *Cortez*, we will address Fire's issues as a mandamus petition. *See id.* at **6-8.

In issues one and two, Fire challenges the trial court's refusal to allow counsel to make objections during the modification proceedings, consideration of

---

[1]In 2011, operation of the SVP treatment program transferred from the Council on Sex Offender Treatment to OVSOM. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 16, 2003 Tex. Gen. Laws 1505, 1514, amended by Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 3, 2011 Tex. Sess. Law Serv. 3197, 3199 (current version at Tex. Health & Safety Code Ann. § 841.002(4) (West Supp. 2012)).

the motion to modify and objections on submission, and refusal to allow Fire to communicate with his counsel or present evidence during the proceedings. Fire also asserts within issue two that because the State had not filed a written motion to modify, no motion to modify was properly before the trial court. Fire further contends that the State must "file a signed and accurate pleading setting forth the desired modifications to the person's commitment order," and "should serve a copy of that pleading upon the individual whose commitment order the State intends to modify, and his attorney."

As we have previously explained, the trial court may modify SVP commitment requirements "'at any time after notice to each affected party to the proceedings and a hearing.'" *Id.* at *8 (quoting Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2012)). Fire received notice through counsel, appeared before the trial court after filing written objections to OVSOM's motion to modify, and personally appeared in court when the trial court modified the civil commitment order. *See id*. at **8-10. Moreover, because of the limited administrative purpose of modification to conform to changes made by the Legislature, the opportunity to be heard through written submission alone does not violate the SVP statute or due process. *Id*. at *11. Fire has not shown what his

3

unaddressed objections would have been, or that a contemporaneous objection was necessary to preserve error. *See id*. at *13.

Fire joined motions filed on behalf of the affected men. The trial court's July 26 order merely substituted the newly-created entity, OVSOM, in place of the former entity, CSOT, because OVSOM assumed CSOT's duties, effective September 1, 2011. *See* Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 19(a)-(c), 2011 Tex. Sess. Law Serv. 3197, 3203. The record demonstrates that Fire was aware that the trial court was going to make a technical change in the residency requirement to reflect that upon Fire's release, OVSOM would provide his housing. We do not find it necessary to require the trial court to vacate its order of July 26 and issue a new order after conducting an evidentiary hearing. The order merely conformed Fire's commitment requirements to reflect the change in agency made by the Legislature the previous year. *See generally* Tex. Gov't Code Ann. §§ 420A.001-.011 (West 2012); Tex. Health & Safety Code Ann. §§ 841.002, 841.007, 841.021-.023, 841.082-.084 (West Supp. 2012).

In issue three, Fire argues that the modification procedure forces civilly committed persons to reside in locked residential facilities where conditions are punitive, in violation of due process. Along with numerous other civilly committed persons, Fire disavowed a constitutional challenge to the statute in the trial court.

4

*See Cortez,* 2013 Tex. App. LEXIS 7854, at *13. The trial court's July 26 order did not alter Fire's status to a more restrictive custody. *See id.*

In issue four, Fire contends that the State breached its agreement when OVSOM requested a modification of his commitment order, and that he is entitled to specific performance of his agreed judgment "or reinstatement of his right to jury trial and all the other rights he forfeited by entering the [a]greed [j]udgment." The requirements in the commitment order issued pursuant to a judgment entered on stipulated facts. However, as we explained in *Cortez*, the SVP statute authorizes modifications. *Id.* at *17. Furthermore, Fire has been convicted of violating the civil commitment order, so even if we accepted his "breach of agreement" argument, which we do not, he could not seek specific performance. *See id.*

Because we lack appellate jurisdiction, and Fire's complaints do not warrant mandamus relief, we dismiss Fire's appeal.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on July 10, 2013
Opinion Delivered August 15, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.