In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00285-CV**

_____

**IN RE COMMITMENT OF ROYAL LEE SMITH**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-03-03232-CV**

**MEMORANDUM OPINION**

Royal Lee Smith was determined to be a sexually violent predator and committed for sex offender treatment. *See In re Commitment of Smith*, No. 09-14-00400-CV, 2015 WL 1843526, at *1 (Tex. App.—Beaumont Apr. 23, 2015, no pet.) (mem. op.). On June 19, 2017, the trial court signed an order denying Smith's motion for change of venue. Smith filed a notice of appeal. We questioned our jurisdiction and the parties filed responses.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Smith argues the order denying his

1

motion for a change of venue disposed of all pending claims and parties. In a civil commitment case, however, the trial court retains jurisdiction while the commitment order remains in effect. *See In re Commitment of Cortez*, 405 S.W.3d 929, 932 (Tex. App.—Beaumont 2013, no pet.). Smith has not identified a signed order by the trial court that is appealable at this time.

We requested responses regarding whether the appeal was frivolous. *See* Tex. R. App. P. 45. Other than arguing that an order denying a motion to change venue is a final judgment, Smith does not address this Court's suggestion that his appeal is frivolous. "To determine whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed." *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

In a civil commitment case, the trial court must review a case every two years to determine whether a requirement should be modified or probable cause exists to believe that the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code Ann. § 841.102 (West 2017). Furthermore, a request to change the forum in which a case will be heard necessarily implies that further proceedings will be conducted on that case. We conclude that the appeal is frivolous.

2

*See* Tex. R. App. P. 45. In the event Smith files a frivolous appeal with this Court in the future, the Court will consider imposing sanctions. *See id.*

The appeal is dismissed for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a); 43.2(f).

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on September 27, 2017
Opinion Delivered September 28, 2017

Before McKeithen, C.J., Horton and Johnson, JJ.