In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00046-CV**

_____

**IN RE COMMITMENT OF JOHN MICHAEL ENARD**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-01-00977-CV**

**MEMORANDUM OPINION**

Appellant John Michael Enard was civilly committed for sex offender treatment as a sexually violent predator on July 3, 2012. On February 8, 2019, Enard filed a *pro se* notice of appeal from an order signed on January 31, 2019, that placed him in a tiered program for sexually violent predators. *See generally* Tex. Health & Safety Code Ann. § 841.0831 (West 2017). We questioned our jurisdiction over this appeal, and Enard filed a response.[1]

---

[1] Enard complains that he was denied appointed counsel. The statutory right to counsel under Chapter 841 of the Texas Health and Safety Code applies to a trial or hearing conducted under Subchapters D, F, or G. *See In re Terry*, No. 09-16-

1

Generally, the trial court retains jurisdiction while the commitment order remains in effect, and we lack appellate jurisdiction when the trial court modifies a commitment order without ending the court's supervision of the committed person and without making the otherwise interlocutory order appealable. *In re Commitment of Cortez*, 405 S.W.3d 929, 932 (Tex. App.—Beaumont 2013, no pet.). Enard has not identified a signed order by the trial court that is appealable at this time. Accordingly, the appeal is dismissed for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on March 6, 2019
Opinion Delivered March 7, 2019

Before Kreger, Horton, and Johnson, JJ.

---

00208-CV, 2016 WL 4698648, at *1 (Tex. App.—Beaumont Sept. 8, 2016, orig. proceeding) (mem. op.). Enard is attempting to appeal an order entered under Subchapter E.