In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00042-CV**

_____

**IN RE COMMITMENT OF JAMES RUBIO**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-04-04400-CV**

**MEMORANDUM OPINION**

Appellant James Rubio was civilly committed for sex offender treatment as a sexually violent predator. *See generally In re Commitment of Rubio*, No. 09-11-00602-CV, 2013 WL 541896, at *1 (Tex. App.—Beaumont Feb. 14, 2013, pet. denied) (mem. op.). On February 8, 2019, Rubio filed a *pro se* notice of appeal from an order, signed on January 28, 2019, that placed him in a tiered program for sexually violent predators. *See generally* Tex. Health & Safety Code Ann. § 841.0831 (West 2017). We questioned our jurisdiction over this appeal.

Generally, the trial court retains jurisdiction while the commitment order remains in effect, and we lack appellate jurisdiction when the trial court modifies a

commitment order without ending the court's supervision of the committed person and without making the otherwise interlocutory order appealable. *In re Commitment of Cortez*, 405 S.W.3d 929, 932 (Tex. App.—Beaumont 2013, no pet.). Rubio has not identified a signed order by the trial court that is appealable at this time. Accordingly, the appeal is dismissed for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

APPEAL DISMISSED.

_____
HOLLIS HORTON
Justice

Submitted on March 6, 2019
Opinion Delivered March 7, 2019

Before Kreger, Horton and Johnson, JJ.

2