In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00059-CV**

_____

**IN RE COMMITMENT OF DAVID WAYNE JONES**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 03-05-03117-CV**

**MEMORANDUM OPINION**

Appellant David Wayne Jones was civilly committed for sex offender treatment as a sexually violent predator. On February 20, 2019, Jones filed a *pro se* notice of appeal from orders signed on January 30, 2019, that placed him in a tiered program for sexually violent predators, amended the terms of his civil commitment, and denied his motion to declare the civil commitment order invalid. *See generally* Tex. Health & Safety Code Ann. § 841.0831 (West 2017). We questioned our jurisdiction over this appeal, and Jones did not file a response.

1

Generally, the trial court retains jurisdiction while the commitment order remains in effect, and we lack appellate jurisdiction when the trial court modifies a commitment order without ending the court's supervision of the committed person and without making the otherwise interlocutory order appealable. *In re Commitment of Cortez*, 405 S.W.3d 929, 932 (Tex. App.—Beaumont 2013, no pet.). Jones has not identified a signed order by the trial court that is appealable at this time. Accordingly, the appeal is dismissed for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on March 27, 2019
Opinion Delivered March 28, 2019

Before McKeithen, C.J., Kreger, and Horton, JJ.

2