**Opinion issued May 21, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-01031-CV

_____

## IN THE COMMITMENT OF RICHARD A. DUNSMORE, Appellant

On Appeal from the 412th Judicial District Court
Brazoria County, Texas
Trial Court Case No. 84023-CV

## MEMORANDUM OPINION

Appellant Richard A. Dunsmore appeals from the trial court's June 15, 2018 order denying Dunsmore's motion to modify his commitment order. We dismiss the appeal.

Dunsmore was convicted of attempted sexual assault and the State filed a petition to have him civilly committed as a sexually violent predator. A jury found

Dunsmore to be a sexually violent predator and the trial court signed a final judgment on November 10, 2016 directing him to be civilly committed for treatment and supervision. *See In re Commitment of Dunsmore*, No. 01–16–00925–CV, 2018 WL 5071025, at * 1 (Tex. App.—Houston [1st Dist.] Oct. 18, 2018, no pet.). Dunsmore appealed that order, which was affirmed by this Court on October 18, 2018. *See id.*

In April 2018, Dunsmore filed a motion to modify his commitment order to permit him to leave Texas. In its order denying this motion, the trial court stated its conclusion that the motion was frivolous under Section 841.123(c) and did not demonstrate probable cause to believe that Dunsmore's behavioral abnormality had changed to the extent that he was no longer likely to engage in a predatory act of sexual violence under Section 841.123(d). *See* TEX. HEALTH & SAFETY CODE § 841.123(c), (d).

Section 841.082 permits the trial court to modify the conditions in the commitment order at any time after notice to each party and a hearing. *See* TEX. HEALTH & SAFETY CODE § 841.082(e). Thus, the statute appears to permit motions to modify, but there is no statutory authorization for appeal of an order ruling on a motion to modify commitment requirements.

"An order that neither disposes of all issues and parties before the court nor follows a conventional trial on the merits is interlocutory unless it is made final through severance, or states with unmistakable clarity that it is a final judgment as

to all claims and parties." *In re Commitment of Cortez*, 405 S.W.3d 929, 932 (Tex. App.—Beaumont 2013, no pet.). If the trial court issues an order under Section 841.082, but does not end its supervision of the committed person and does not sever the order or make the otherwise interlocutory order appealable, it is an interlocutory order with no statutory provision for appeal. *See id.*; *In the Commitment of Yaw*, No. 09–12–00413–CV, 2013 WL 4315207, at *1 (Tex. App.—Beaumont Aug. 15, 2013, no pet.) (dismissing appeal of order modifying commitment order for lack of jurisdiction because statute does not provide for appeal of modification order).

The Court notified Dunsmore of possible dismissal for lack of jurisdiction. Dunsmore filed a reply brief, but he did not establish that this Court has jurisdiction.

Accordingly, we dismiss this appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Landau.