In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00260-CV**
_____

**IN RE COMMITMENT OF MICHAEL WAYNE BOHANNAN**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 08-07-06907-CV**

**MEMORANDUM OPINION**

In 2009, appellant Michael Wayne Bohannan was civilly committed as a sexually violent predator. *See In re Commitment of Bohannan*, 379 S.W.3d 293, 294-95 (Tex. App.—Beaumont 2010), *aff'd*, 388 S.W.3d 296 (Tex. 2012). Bohannan appealed the judgment of civil commitment, and while the appeal was pending, he violated the civil commitment order. *See Bohannan v. State*, 546 S.W.3d 166, 168 (Tex. Crim. App. 2017). In 2010, this Court reversed the judgment of civil commitment and granted Bohannan's request for a new trial, and the Texas Supreme Court affirmed our decision and ordered the case to be remanded to the trial court. *See In re Commitment of Bohannan*, 388 S.W.3d 296, 298, 307 (Tex. 2012); *In re*

1

*Commitment of Bohannan*, 379 S.W.3d at 295. In 2013, Bohannan was convicted of violating the civil commitment order while his appeal was pending and sentenced to life in prison, and this Court affirmed Bohannan's conviction. *See Bohannan v. State*, No. 09-13-00090-CR, 2014 WL 5490936, at *1, 7 (Tex. App.—Beaumont Oct. 29, 2014), *aff'd*, 546 S.W.3d 166 (not released for publication). The Texas Court of Criminal Appeals affirmed our decision regarding Bohannan's conviction, noting that Bohannan was required to follow the terms of his civil commitment order while his appeal was pending. *See Bohannan*, 546 S.W.3d at 169, 180.

After Bohannan's civil commitment case was remanded to the trial court for a new trial, the State filed a motion to abate the case until Bohannan becomes eligible for release from the custody of the Texas Department of Criminal Justice or release on parole or mandatory supervision. In 2013, the trial court signed an abatement order, ordering the case to be abated until Bohannan "becomes eligible for release on parole or mandatory supervision, or otherwise becomes eligible for release from the custody of the Texas Department of Criminal Justice." In 2019, the State moved to dismiss the abatement and set the civil commitment case for trial, because Bohannan had become eligible for parole, and the trial court granted the State's motion. In 2020, Bohannan filed a motion to dismiss with prejudice due to a lack of standing or, alternatively, because the case is moot or no longer ripe for adjudication. After conducting a hearing, the trial court denied Bohannan's motion. Bohannan

filed a notice of interlocutory appeal complaining about the trial court's order denying his motion to dismiss. *See* Tex. R. App. P. 28.1. The State questioned our jurisdiction over this appeal, arguing that Bohannan filed an interlocutory appeal without authority to do so.

Generally, the trial court retains jurisdiction while the commitment order remains in effect, and we lack appellate jurisdiction when a committed person is still under the trial court's supervision and when the trial court does not make an otherwise interlocutory order appealable. *See In re Commitment of Cortez*, 405 S.W.3d 929, 932 (Tex. App.—Beaumont 2013, no pet.). Given the fact that Bohannan has not identified any statute that authorizes our review of his complaints through an interlocutory appeal, Bohannan has no right to appeal the trial court's order denying his motion to dismiss. *See id.* Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on February 16, 2021
Opinion Delivered March 25, 2021

Before Golemon, C.J., Horton and Johnson, JJ.