In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00314-CV**

_____

**IN RE TIMOTHY L. DANNER**

_____

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 01-03-02097-CV**

_____

**MEMORANDUM OPINION**

In this mandamus proceeding, the relator, Timothy L. Danner (Danner),

seeks to compel the trial court to vacate its October 20, 2015 order amending a

2002 order civilly committing Danner as a sexually violent predator.[1] Danner

contends that the trial court abused its discretion by ordering him into a tiered

treatment program as required by amendments to the SVP civil commitment statute

that came into effect on June 17, 2015. *See* Tex. Health & Safety Code Ann. §

---

[1] *See generally In re Commitment of Danner*, No. 09-03-002 CV, 2003 WL
22966322, at **1-2 (Tex. App.—Beaumont Dec. 18, 2003, pet. denied) (mem.
op.).

1

841.0831 (West Supp. 2016); *see also* Act of May 21, 2015, 84th Leg., R.S., ch. 845, § 40(b), 2015 Tex. Sess. Law Serv. 2700, 2711(West). In three issues, Danner contends: (1) as amended in 2015, Chapter 841 is unconstitutionally punitive; (2) by amending the previous order of commitment, the trial court violated the constitutional restrictions on retroactive laws and violated the constitutional guarantees of due course of law and due process; and (3) the doctrine of res judicata bars the changes to the 2002 order of commitment. We deny the petition for a writ of mandamus.

The current statutory scheme provides for "seamless transition of a committed person from a total confinement facility to less restrictive housing and supervision and eventually to release from civil commitment, based on the person's behavior and progress in treatment." *See* Tex. Health & Safety Code Ann. § 841.0831(b). Danner argues that the legislature did not intend to include previously committed individuals in a tiered program for supervision and treatment. Furthermore, he argues that if the amendments apply to a person committed under the previous version of the statute, the statute as amended is unconstitutionally punitive because it does not provide for an outpatient civil commitment program. He argues that he has a vested liberty interest in outpatient treatment and ordering him to participate in a program that allows total

2

confinement amounts to punishment because he has previously been judicially declared to be an "outpatient." He contends that the final judgment committing him to outpatient treatment cannot be altered.

We have addressed each of Danner's arguments in prior cases involving individuals whose commitments predated the 2015 amendments to Chapter 841 of the Health and Safety Code. *See In re Williams*, No. 09-16-00087-CV, 2016 WL 4249175, at *2 (Tex. App.—Beaumont Aug. 11, 2016, orig. proceeding) (mem. op.); *In re Commitment of May*, No. 09-15-00513-CV, 2016 WL 4040186, at **1-9 (Tex. App.—Beaumont July 28, 2016, no pet. h.). In *Williams*, we held that the 2015 bill's enacting language required that the trial court modify the sex offender treatment by placing Williams in a tiered treatment program. 2016 WL 4249175, at *1. And, we rejected Williams' argument that res judicata barred any changes to the commitment order. *Williams*, 2016 WL 4249175, at *2; *see also* Tex. Health & Safety Code Ann. § 841.082(e). In *May*, we examined and rejected May's arguments that the statute, as amended, was unconstitutionally punitive, and we rejected his claim that he had a vested right to outpatient treatment or that the statute was unconstitutionally retroactive. 2016 WL 4040186, at **4-8. We noted that at the time May was committed, after being committed, May would be required to reside in a facility approved by the office administering sex offender

3

commitments and submit to a specific course of treatment, and that the State's need to operate a sex offender treatment program for sexually violent offenders who have discharged their criminal sentences justifies requiring a person to receive sex offender treatment at the location where he resides, as determined by the Texas Civil Commitment Office. *See id.* at \*8. We concluded that the amended statute was neither unconstitutionally punitive nor unconstitutionally retroactive. *Id.* at \*\*4-8. Section 841.082(e) of the Texas Health and Safety Code provides that the trial court may modify the requirements of a civil commitment order "at any time after notice to each affected party to the proceedings and a hearing[]" in a civil commitment case. *Williams*, 2016 WL 4249175, at \*2; *see also* Tex. Health & Safety Code Ann. § 841.082(e).

Our reasoning in *Williams* and *May* equally applies to the issues brought by Danner in his mandamus petition. For the reasons we explained in *Williams* and *May*, we conclude that the trial court did not clearly abuse its discretion when it ordered that the Texas Civil Commitment Office provide Danner with appropriate sex offender treatment and necessary supervision pursuant to Section 841.0831 of the Texas Health and Safety Code. *See generally* Tex. Health & Safety Code Ann. § 841.0831. Because Danner has not shown that the trial court abused its discretion

4

by amending the order of civil commitment that governs his commitment, we deny

the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8.

PETITION DENIED.

PER CURIAM

Submitted on September 21, 2016
Opinion Delivered September 22, 2016

Before McKeithen, C.J., Horton and Johnson, J.J.